ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0454-G |
| | § | |
| DALLAS COUNTY POLICE OFFICERS | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Kelvin Jones, an inmate in the TDCJ-ID, against four unnamed Dallas police officers. On March 4, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this action is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff filed an amended complaint on April 8, 2005. The court has screened both complaints pursuant to 28 U.S.C. § 1915.

II.

Plaintiff was arrested by several unnamed Dallas police officers on April 17, 2001. Although plaintiff admits that he initially attempted to flee from the police, he claims to have offered no resistance once apprehended. Nevertheless, the officers punched, slapped, and kicked plaintiff and sprayed him with mace. Plaintiff alleges that he sustained serious physical injuries as a result of this use of excessive force. By this suit, plaintiff seeks unspecified damages to compensate him for his injuries.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

This is the second lawsuit filed by plaintiff arising out of the same set of facts. The first case was dismissed on limitations grounds. *Jones v. Dallas County Police Officers*, 2004 WL 637918 (N.D. Tex. Mar. 26, 2004). The same result applies here. A federal civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). By his own admission, the incident made the basis of this suit occurred on April 17, 2001. (Plf. Compl. at 2, ¶ 7; Plf. Am. Compl. at 3, ¶ V). Yet plaintiff did not file the instant case until March 4, 2005--more than *three years* later. It is clear from the face of the pleadings that this action is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).[2]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

DATED: April 13, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that plaintiff cannot prosecute a civil rights claim against unnamed defendants. *See Vollmer v. Bowles*, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997) (Fitzwater, J.), citing *Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956) (claims against "John Doe" defendants dismissed as frivolous because federal rules make no provision for joining fictitious defendants in an action under a federal statute).